# In the United States District Court for the Southern District of Georgia Waycross Division

```
STEPHEN CHRISTOPHER PLUNKETT,

       Plaintiff,                        5:23-cv-65

  v.

TIMOTHY C. WARD, et al.,

       Defendants.
```

### ORDER

Plaintiff filed Objections to the Magistrate Judge's June 21, 2024 Order directing Plaintiff to amend his Complaint. Dkt. No. 27. For the following reasons, the Court **OVERRULES** Plaintiff's Objections and **ORDERS** Plaintiff to file an Amended Complaint according to the Magistrate Judge's June 21, 2024 Order **within 14 days** of this Order.

When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, No. 4:12-CV-139, 2013 WL 3991793, at *2

(S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

The Magistrate Judge ordered Plaintiff to file an Amended Complaint within 14 days because Plaintiff failed to provide a short, plain statement of his claims under Federal Rule of Civil Procedure 8. Dkt. No. 26 at 2. The Magistrate Judge directed Plaintiff to use the Court-approved civil rights complaint form and attach no more than 10 pages. Id. at 3.

Plaintiff objects to the Magistrate Judge's Order. Dkt. No. 27. Plaintiff agrees his "Complaint needs to be amended as Plaintiff needs to clean up his pleading and add additional statutory claims . . . ." Id. at 3. However, Plaintiff argues he cannot amend as directed "due to time constraints and limited resources." Id. Plaintiff argues the 14-day deadline is unreasonable and there should be no page limit for attachments. Plaintiff asks the Court to screen his original Complaint and give him a reasonable amount of time and space to amend his Complaint.

A complaint must contain a short, plain statement of the claim showing the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Complaints that fail to meet this standard are sometimes referred to as "shotgun pleadings." Weiland v. Palm Beach Cnty.

2

Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings include those "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321. Before dismissing such a complaint, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." Arrington v. Green, 757 F. App'x 796 (11th Cir. 2018) (citing Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018)). Though courts liberally construe pro se pleadings, they "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020) (citing GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff fails to show the Magistrate Judge's Order is clearly erroneous or contrary to law. Plaintiff's Complaint includes various allegations against "employees, contractors, and agents" in a long, confusing narrative. Dkt. No. 2 at 16-24. But Plaintiff fails to clearly specify which Defendants are responsible for which particular acts and omissions, as the Magistrate Judge explained. Plaintiff agrees his Complaint is deficient, and the Magistrate Judge properly provided Plaintiff an opportunity to amend. The Court cannot rewrite Plaintiff's

Complaint for him. The Magistrate Judge did not err in finding Plaintiff's claims deficient and ordering Plaintiff to amend.

Plaintiff's Objections to the Magistrate Judge's instructions are not convincing. Though Plaintiff states he lacks time and resources to draft an Amended Complaint within 14 days, he mailed the Court five full pages of handwritten Objections within a week of the Magistrate Judge's Order. This demonstrates Plaintiff can draft amendments within 14 days. Further, Plaintiff has not shown there is anything erroneous or improper about the 10-page limit on his Amended Complaint. See Lewis v. Fla. Dep't of Corr., 739 F. App'x 585, 586 (11th Cir. 2018) (rejecting as frivolous a pro se plaintiff's argument a page limit on his complaint is unconstitutional).

Accordingly, the Court finds Plaintiff's Objections without merit. The Magistrate Judge's Order directing Plaintiff to file an Amended Complaint is not clearly erroneous or contrary to law. Therefore, the Court **OVERRULES** Plaintiff's Objections, and the Magistrate Judge's Order remains the Order of this Court. The Court will provide Plaintiff with some additional time to comply with the Magistrate Judge's Order. Therefore, the Court **ORDERS** Plaintiff to file an Amended Complaint according to the Magistrate

Judge's June 21, 2024 Order **within 14 days** of this Order.

    **SO ORDERED**, this 26 day of July, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA