# In the United States District Court for the Southern District of Georgia Waycross Division

STEPHEN CHRISTOPHER PLUNKETT,

    Plaintiff,

v.

TIMOTHY C. WARD, et al.,

    Defendants.

5:23-cv-65

## ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to dismiss Plaintiff's claims against some Defendants. Dkt. No. 31. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 32.

## BACKGROUND

In his Amended Complaint, Plaintiff alleges claims under both Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1981), and 42 U.S.C. § 1983. Dkt. No. 29. Plaintiff names as Defendants Joseph Biden, Merrick Garland, William Danforth, Christopher Wray, Timothy Ward, Ricky Stone, Damian Henninger, Corecivic, Inc., "FNU LNU African American Male," United States of America, Deana Clements, "FNU Saliem," "FNU Hargrove," "Warden Doe," "FNU Tall, White Male Plainclothes," "CERT Doe #1," "CERT Doe #2," Kasonya Johnson, "USMS Does," and Daniel Rickutson. Id. at 3-4.

The Magistrate Judge recommended dismissal of: (1) all claims against Defendants Biden, Garland, Wray, United States Marshals Service Does, and the United States of America (the "federal Defendants"); (2) all claims against Defendant CoreCivic, Inc.; (3) all claims against Defendants Ward, Henninger, and Warden Doe (the "supervisory officials"); (4) conspiracy claims against Defendants Clements, Danforth, Hargrove, Johnson, Rickutson, Saliem, Stone, and other Does; and (5) all malicious prosecution claims. Dkt. No. 31 at 1. The Magistrate Judge directed service of Plaintiff's Eighth Amendment excessive force claims against Defendants Danforth, Johnson, Rickutson, Hargrove, Saliem, Stone, "white male Doe," and "CERT Officer Does." Id. at 2.

## DISCUSSION

### I. Plaintiff's Arguments Based on Page Limits

In his Objections, Plaintiff first argues that the Magistrate Judge erred by dismissing his claims against the federal Defendants. Plaintiff argues that page limitations to his Amended Complaint violate his rights under the First Amendment. Dkt. No. 32 at 2. Plaintiff argues his claims against the federal Defendants should not have been dismissed because "it was necessary to strip out factual detail in order to include all of the relevant claims." Id. Plaintiff argues that the Magistrate Judge incorrectly assessed the sufficiency of the Amended Complaint's factual content. Id. at 4.

2

This argument is without merit. The Magistrate Judge explicitly ordered Plaintiff to file an Amended Complaint no more than 10 pages in length. Dkt. No. 26 at 3. Plaintiff alleges that this limit is unconstitutional but does not provide any support for the argument. Moreover, page limits in these circumstances have generally been held to be lawful and appropriate. See Lewis v. Fla. Dep't of Corr., 739 F. App'x 585, 586 (11th Cir. 2018) (rejecting as frivolous a plaintiff's argument that a local rule limiting his complaint was unconstitutional); Duong Thanh Ho v. Costello, 757 F. App'x 912, 913 (11th Cir. 2018) (dismissing an amended complaint that exceeded the court's order imposing page limitations). Further, the Magistrate Judge concluded that Plaintiff failed to state a claim because he alleged no facts, other than conclusory allegations. Therefore, Plaintiff's argument that the Magistrate Judge attacked the sufficiency of Plaintiff's evidence is incorrect. The Court concurs with the Magistrate Judge's recommendation to dismiss all claims against the federal Defendants.

## II.  Plaintiff's Conspiracy Claims

Plaintiff argues that the Magistrate Judge erred in recommending dismissal of his conspiracy claims. Dkt. No. 32 at 4-5. Plaintiff argues that he sufficiently alleged a conspiracy in the Amended Complaint and that the Magistrate Judge's

conclusions are improperly focused on the sufficiency of the evidence. Id. at 4-5, 11.

Regarding Plaintiff's claims against federal officials, the Magistrate Judge determined that Plaintiff has not stated a Bivens claim for conspiracy. Dkt. No. 31 at 6. The Magistrate Judge concluded that Plaintiff's conspiracy allegations are conclusory and that he has "not alleged any facts demonstrating an understanding or agreement." Id. at 6-7. Regarding Plaintiff's claims against supervisory officials, the Magistrate Judge concluded that Plaintiff has not "made any showing of an agreement or willful participation in a conspiracy." Id. at 9.

The Court concurs with the Magistrate Judge. "In civil rights and conspiracy actions, conclusory, vague, and general allegations may justify the complaint's dismissal." Fulwood v. Fed. Bureau of Prisons, 568 F. App'x 753, 756 (11th Cir. 2014) (citing Kearson v. Southern Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985)). Plaintiff states in the Amended Complaint that the federal Defendants "directed, approved of, and acquiesced . . . in furtherance of the conspiracy." Dkt. No. 29 at 16. Plaintiff alleges that the supervisory officials "did in furtherance of the conspiracy agree to have [other Defendants] participate in the parole ruse . . . ." To the extent a conspiracy claim is cognizable under Bivens at all, these allegations are too conclusory, vague, and general to support a conspiracy claim.

4

### III. Plaintiff's Claims Against "USMS Does"

Plaintiff next objects to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's claims against "USMS Does." The Magistrate Judge explained that Plaintiff's Amended Complaint is not clear about what the USMS did that would constitute a constitutional violation or when. Dkt. No. 31 at 7. Plaintiff argues in his Objections that USMS Does "refused to take custody of Plaintiff in order to impede his parole, lengthen his imprisonment improperly, and cause his death." Dkt. No. 32 at 7. Plaintiff argues that "by not taking custody . . . USMS did unlawfully extend Plaintiff's Georgia state sentence." Id. at 8.

To the extent that Plaintiff's Objections clarify his claims against USMS Does, Plaintiff still does not state a claim for relief. The Eleventh Circuit Court of Appeals has recently refused to extend Bivens to a case involving the United States Marshals Service. Robinson v. Sauls, 102 F.4th 1337 (11th Cir. 2024). In that case, the plaintiff sued individual deputy marshals for excessive force. The marshals operated a joint task force to execute arrest warrants. The court explained that Bivens does not extend to that circumstance in part because "[o]fficers participating in a USMS joint task force are a new category of defendants." Id. at 1344.

Here, Plaintiff has not demonstrated that Bivens has ever been extended to cover USMS officers in any scenario, better yet

5

under the facts he presents. Plaintiff has presented a new Bivens context, and expansion of Bivens "should be avoided in all but the most unusual circumstances." Johnson v. Terry, 119 F.4th 840, 848 (11th Cir. 2024). In addition, if Plaintiff wished to contest his state sentence, he could have sought habeas relief. Thus, the Court concurs with the Magistrate Judge's analysis and declines to extend Bivens liability to the facts Plaintiff alleges.

## IV. Plaintiff's Claims Against CoreCivic, Inc.

Plaintiff also objects to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's claims against Defendant CoreCivic. Dkt. No. 32 at 9. Plaintiff argues that "any 'immunity' potentially claimed by CoreCivic is judicially created and does not comport with the principles of fundamental fairness." Id. at 8-9.

Plaintiff's argument does not constitute a proper objection to the Magistrate Judge's recommendation. The Magistrate Judge explained that § 1983 liability only extends to persons "acting under color of state law" and that the Eleventh Amendment generally bars suit against private corporations that contract with state prisons. Dkt. No. 31 at 8. Plaintiff's references to judicially created immunity do not properly address those conclusions. In addition, Plaintiff has alleged no facts that causally connect CoreCivic to any asserted constitutional violation. Plaintiff merely names CoreCivic in a few conclusory allegations. Plaintiff

6

makes no showing that CoreCivic actually participated in any constitutional violation. See <u>Burke v. Wheeler Corr. Facility</u>, CV 322-178, 2023 WL 3400637, at *3 (S.D. Ga. Apr. 17, 2023) (dismissing § 1983 claims against CoreCivic when the plaintiff failed to demonstrate a causal connection between CoreCivic and the alleged constitutional violation) (citing <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986)), <u>report and recommendation adopted</u>, 2023 WL 3391451 (S.D. Ga. May 11, 2023). Therefore, the Court concurs with the Magistrate Judge's recommendation.

## V. Plaintiff's Claims Against Supervisory Officials

Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss claims against supervisory officials. Dkt. No. 32 at 10. Plaintiff argues the Magistrate Judge erred by analyzing Plaintiff's claim under a theory of respondeat superior. Plaintiff argues that claims against supervisory officials are "either direct participation" or "conspiracy." Id. Plaintiff explains "the OCR applications were in clear violation of established policy. Therefore, the actions were either directed by supervisors or the supervisors failed to properly train on OCR policy and use of force." Id. at 11. Plaintiff also objects specifically to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's claims against Defendant Ward. Dkt. No. 32 at 9-10. Plaintiff argues that Defendant Ward "would have had

7

to be a necessary participant in effectuating the plan which was concocted . . . to transfer Plaintiff to a mental institution without due process." Id. at 10. Plaintiff argues that the conspiracy he alleges "could not have been accomplished . . . without approval of someone very high up; likely, the Commissioner, Mr. Ward." Id.

The Magistrate Judge recommended dismissal of all claims against supervisory officials because Plaintiff did not plausibly allege any "agreement or willful participation" necessary to support his conspiracy claim. Dkt. No. 31 at 9. Plaintiff does not contest this in his Objections. Plaintiff merely states that supervisory officials are either in "direct participation" or a "conspiracy." Dkt. No. 32 at 10. Regarding Defendant Ward, Plaintiff states that Defendant Ward "would have had to be a necessary participant." Id. As the Magistrate Judge explained, "[v]ague and conclusory allegations that merely suggest the existence of a conspiracy" cannot alone state a claim for conspiracy. Dkt. No. 31 at 9 (quoting Pittman v. St. Farm Fire & Cas. Co., 662 F. App'x 873, 880 (11th Cir. 2016)). Plaintiff has made only vague and conclusory allegations about Defendant Ward. Therefore, the Court concurs with the Magistrate Judge's analysis.

## VI. Plaintiff's Claims Against Defendant Clements

Plaintiff next objects to the Magistrate Judge's recommendation that the Court dismiss claims against Defendant

8

Clements. Dkt. No. 32 at 10. Plaintiff explains that Defendant Clements "brought out Plaintiff's file to the van into which Plaintiff was thrown in the back covered in OCR." Id. Plaintiff argues he alleged in the Complaint that Defendant Clements stated, "I think we made a good decision doing this," demonstrating "involvement." Id. (referencing Dkt. No. 29 at 17).

Plaintiff does not properly allege a conspiracy claim against Defendant Clements. The Magistrate Judge explained that to properly allege a conspiracy claim, a plaintiff "must show that the parties reached an understanding to deny the plaintiff his or her rights." Dkt. No. 31 at 11 (quoting Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990)). Outside of the statement above, Plaintiff does not allege that Defendant Clements took any specific actions in furtherance of any constitutional violation. Plaintiff does not allege sufficient facts to support a claim for conspiracy against Defendant Clements. The Court, therefore, concurs with the Magistrate Judge's analysis.

## VII. Plaintiff's § 1986 Claims

Plaintiff also objects to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's 42 U.S.C. § 1986 claims. Dkt. No. 32 at 11-12. Plaintiff argues that, because he properly alleges a § 1985 conspiracy, his § 1986 claims are proper.

Because the Court concurs with the Magistrate Judge that Plaintiff has not stated any valid conspiracy claims, Plaintiff's

9

Objections regarding § 1986 also fail. The Court concurs with the Magistrate Judge's conclusion.

### VIII.     Plaintiff's Malicious Prosecution Claims

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss his malicious prosecution claims. Plaintiff argues that the United States Department of Justice placed pressure on Fulton County prosecutors. Dkt. No. 32 at 12.

The Magistrate Judge concluded that Plaintiff's malicious prosecution claims fail for multiple reasons. First, Plaintiff alleges no facts to support his conclusory allegations. Dkt. No. 31 at 12. Second, Plaintiff failed to allege any constitutionally infirm seizure to support a malicious prosecution claim. Id. Finally, Plaintiff failed to show that any named Defendant participated in Plaintiff's prosecution. Id. Plaintiff does not properly contest any of these conclusions in his Objections. Therefore, the Court concurs with the Magistrate Judge's analysis.

### CONCLUSION

Thus, after an independent and de novo review, I **OVERRULE** Plaintiff's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of this Court. Therefore, the Court **DISMISSES** the following portions of Plaintiff's Amended Complaint:

1. All claims against Defendants Biden, Garland, Wray, United States Marshals Service Does, and the United States of America (the "federal Defendants");
2. All claims against Defendant CoreCivic, Inc.;
3. All claims against Defendants Ward, Henninger, and Warden Doe (the "supervisory officials");
4. Plaintiff's conspiracy claims against Defendants Clements, Danforth, Hargrove, Johnson, Rickutson, Saliem, Stone, and other Does; and
5. All malicious prosecution claims.

Plaintiff's Eighth Amendment excessive force claims against Defendants Danforth, Johnson, Rickutson, Hargrove, Saliem, Stone, "white male Doe," and "CERT Officer Does" remain pending. Dkt. No. 30.

**SO ORDERED**, this 2 day of October, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA